# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**VICTOR CALA,**

    **Plaintiff,**

**v.**                                    **Case No.  8:13-cv-1596-T-30TGW**

**BALBOA INSURANCE COMPANY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Balboa Insurance Company's Motion to Dismiss (Dkt. 10) and Plaintiff Victor Cala's Response in opposition (Dkt. 11). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

This action involves a third-party beneficiary breach of contract claim arising from a lender-placed policy of insurance issued by Defendant Balboa Insurance Company. Plaintiff Victor Cala is the owner of the subject property. The policy issued by Balboa lists the lender, GMAC Mortgage LLC, Cala's mortgagee, as the named insured and names, on the notice of insurance, Cala as the "Borrower". Pursuant to Cala's mortgage and Balboa's policy, GMAC charged Cala premiums for the policy.

During the policy period, Cala suffered a covered loss to the subject property. Balboa refused to honor its obligations under the policy to repair the property. And GMAC has

chosen not to pursue the insurance claim to date. In order to enforce his rights as the owner of the property and the "Borrower", Cala filed the instant action against Balboa for third-party beneficiary breach of contract.

Balboa moves to dismiss the complaint under Federal Rule Civil Procedure 12(b)(6), arguing: Cala has failed to state a claim for third-party beneficiary breach of contract; Cala lacks standing to enforce the subject policy; and Cala cannot claim attorney's fees under Fla. Stat. § 627.428.

*This Court*, in a very similar case, considered and rejected the arguments Balboa asserts here. *See generally Fawkes v. Balboa Ins. Co.,* 2012 WL 527168 (M.D. Fla. Feb. 17, 2012), *reconsideration denied,* 2012 WL 899386 (M.D. Fla. Mar. 16, 2012) (Moody, J.); *Fawkes v. Balboa Ins. Co.,* 2011 WL 557322 (M.D. Fla. Feb.11, 2011) (Moody, J.). In *Fawkes*, this Court held that the plaintiff, who was not an "insured" under the subject lender-placed policy, could pursue a breach of contract action against the insurer as a third-party beneficiary. This Court concluded that a borrower, who is a property owner with an "insurable interest" under Fla. Stat. § 627.405, is a third-party beneficiary with standing to bring a claim for breach of the subject policy.

Since the Court's ruling in *Fawkes*, several other courts in the Middle District of Florida have similarly concluded that a property owner may pursue a breach of contract claim under a lender-placed insurance policy against the insurance company as a third-party beneficiary. *See McKinney v. Balboa Ins. Co.*, 2013 WL 4495185 (M.D. Fla. Aug. 19, 2013) (Bucklew, J.); *Conyers v. Balboa Ins. Co.,* 2013 WL 1233891 (M.D. Fla. Mar.26, 2013)

(Covington, J.); *Mitchell v. Balboa Ins. Co.,* 2012 WL 2358563 (M.D. Fla. June 20, 2012) (Kovachevich, J.); *Kelly v. Balboa Ins. Co.,* 2012 WL 4761905 (M.D. Fla. May 29, 2012) (Scriven, J.). The Court sees no reason to depart from these rulings.[1]

Finally, the Court denies Balboa's argument regarding attorney's fees as premature. *See Fawkes,* 2012 WL 527168, at *4-*5 (M.D. Fla. Feb. 17, 2012); *McKinney*, 2013 WL 4495185, at *6.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Balboa Insurance Company's Motion to Dismiss (Dkt. 10) is denied.

2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 29, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1596.mtdismiss.frm

---

[1] The Court also concludes that Cala has adequately pled the elements of a third-party breach of contract claim. *See McKinney*, 2013 WL 4495185, at *5; *Fawkes*, 2011 WL 557322, at *2-*3.